## SUCCESSION OF MOUTON.

The liability of a surviving wife for the debts of the succession of her husband resulting from acts of improper intermeddling, cannot be enforced by an opposition to a tableau of distribution presented by her as his administratrix; it must be established in a separate action. In presenting a tableau she acts in her representative capacity, and, in the litigation which may arise upon it, she can only be held to a strict accountability for the property confided to her administration.

A wife has a tacit mortgage on the immovables of her husband for the reimbursement of paraphernal effects alienated by him; and this mortgage is not required to be registered to give it effect against third persons.

APPEAL from the District Court of Lafayette, *Overton, J.*

*Brent* and *Mouton*, for the appellants, contended that the wife's mortgage for her paraphernal property must be registered to have effect against a third person.

*Nicholls*, contrâ. The mortgage of the wife for the security of her paraphernal rights, attaches from the dates at which sums of money are received by the husband, and this without registry. This question can no longer be considered open. C. C. 2367, 3297, 3298. 3 Mart. N. S. 302. Ib. N. S. 544. 7 Ib. N. S. 69. 9 La. 71. 10 La. 303. 6 La. 25. 10 Rob. 159. *Fisher* v. *Fisher*, 2 Ann. Rep. 775.

The judgment of the court was pronounced by

KING, J. *Eliza Dugas* filed a tableau of distribution of the funds of the insolvent succession of her husband, *Cyprien Mouton*, of which she is the ad-

SUCCESSION
OF
MOUTON.

ministratrix, classing herself as a mortgage creditor for the amount of her paraphernal property. The tableau was opposed by *Antoine E. Mouton*, an ordinary creditor, on several grounds, and among others : *first*, that the widow had rendered herself personally liable for the amount of his claim, in consequence of acts of intermeddling; and, *secondly*, that she was in law entitled to no mortgage to secure the reimbursement of her paraphernal effects. The administratrix excepted to answering to that part of the opposition, which charged that she was personally liable for the debts of the succession. The exception was sustained; and issue having been joined on the remainder of the opposition, a judgment was rendered, in which the amount of the widow's claim was ascertained, and her right of mortgage recognized. From this judgment *Mouton* has appealed.

The judge did not, in our opinion, err, in maintaining the exception of the administratrix. If she has rendered herself liable by acts of improper interference, the liability is one personal to herself, which must be enforced in a separate action. In presenting a tableau of distribution she appears in her representative capacity, and in the litigation which may arise upon it, can only be held to a strict accountability for the property confided to her administration.

The evidence shows that the amount of the widow's claim has been correctly ascertained by the judge. The tacit mortgage of the wife to secure the reimbursement of her paraphernal effects alienated by her husband, has been repeatedly recognized. The registry of such mortgages is not indispensable to give them effect against third persons. *Fisher* v. *Fisher*, 2 An. Rep. 774. *Cane* v. *Alley*, 2 Ib. 918, and the authorities there cited.

*Judgment affirmed.*